EPHRAIM SILVERMAN, Respondent, *v.* THE GATES AVENUE FREE AID LOAN ASSN., INC., Appellant.

Supreme Court, Appellate Term, Second Department, June 19, 1925.

**Bills and notes — checks — holder in due course — defendant's proof on trial showed check was given to payee thereof under agreement it was not to become effective until payee complied with certain conditions — payee never complied with conditions — failure of plaintiff to show he acquired title in due course under Negotiable Instruments Law, § 98, precludes recovery — said section applicable, though check not procured by fraud or duress.**

The failure of the plaintiff, in an action upon a check, to show that he was a holder in due course, within the meaning of section 98 of the Negotiable Instruments Law, precludes his recovery thereon, where the defendant pleaded and proved that the check in question had been given to the payee upon an agreement that it was not to be used or become effective unless the payee complied with certain conditions, which the payee did not do.    It was not necessary that the instrument should have been procured by fraud or duress in order to make section 98 of the Negotiable Instruments Law applicable.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Second District.

*Sol Douglas*, for the appellant.

*Charles E. Landesberg*, for the respondent.

PER CURIAM:

Judgment unanimously reversed upon the law, with thirty dollars costs to appellant to abide the event, and new trial granted.

It was error for the court to direct a verdict for the plaintiff. In the absence of all proof, the plaintiff would have been presumed to be a holder in due course. The defendant, however, pleaded and proved that its check in question had been given to the payee of it upon the agreement that it was not to be used or become effective unless the payee complied with certain conditions. This the payee did not do, and hence he never had title to the check. The proof showed a defect in the payee's title, and, therefore, under section 98 of the Negotiable Instruments Law, the plaintiff was put to his proof to show that he was a holder in due course. He offered no proof of this. It is not necessary that the instrument should have been procured by fraud or duress in order to make the provisions of section 98 available. (See Neg. Inst. Law, § 94.)

Where a negotiable instrument is given with the understanding that it is not to be used unless a certain thing is first done by the payee, and that thing is not done, the payee's title is defective; and if the instrument is transferred in violation of the agreement, the burden is upon the holder to show that he acquired the title in due course. (*German-American Bank* v. *Cunningham*, 97 App. Div. 244; *Walkof* v. *Strober*, 200 id. 104.)

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.